IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

APR 9 2018

ANDRES FONSECA PALOMIN, JR.,

Petitioner,

v.                                              CRIMINAL ACTION NO. 2:15CR89

UNITED STATES OF AMERICA,

Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Andres Fonseca Palomin, Jr.'s ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to Title 28, United States Code, Section 2255 ("2255 Motion"). ECF Nos. 34-35. Having thoroughly reviewed the motions, filings, and records in this case, the Court finds that this matter is ripe for judicial determination. For the reasons set forth below, Petitioner's § 2255 Motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On July 23, 2015, a Grand Jury, in the Eastern District of Virginia, returned a one count Indictment against Petitioner. ECF No. 1. Count One charged Petitioner with Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *Id.*

Petitioner pled guilty to Count One of the Indictment on October 6, 2015. ECF No. 15. On February 9, 2016, Petitioner was sentenced to 216 months on Count One, and 5 years of supervised release. ECF No. 28. Petitioner filed this instant Motion on December 22, 2016. ECF Nos. 34-35. The Court ordered the United States Attorney to respond to Petitioner's § 2255 Petition. ECF No. 38. Respondent filed a response to Petitioner's Motion on May 12, 2017.

1

ECF No. 45. Petitioner did not file a reply to Respondent's response. On March 19, 2018, the Court held a hearing on this matter. ECF No. 49.

## II. STANDARD OF REVIEW AND BURDEN OF PROOF

### A. Section 2255 Generally

A petitioner may move the court to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, in four instances: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the District Court lacked jurisdiction to impose the sentence; (3) the length of the sentence is in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255 (1948). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Jones v. United States*, No. 4:09CV76, 2010 WL 451320, at *4 (E.D. Va. Feb. 8, 2010) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

When a petitioner in federal custody wishes to collaterally attack his sentence or conviction, the appropriate motion is a § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). Section 2255 of Title 28 of the United States Code governs post-conviction relief for federal prisoners. It provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

In a proceeding to vacate a judgment of conviction, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978) (providing that a *pro se* petitioner is entitled to have his petition construed liberally and is held to less stringent standards than an attorney drafting such a complaint). Furthermore, if the motion is brought before the judge that presided over the conviction, the judge may rely upon recollections of previous events. *Blackledge v. Allison*, 431 U.S. 63, 74 n. 4 (1977); *Carvell v. United States*, 173 F.2d 348, 348-49 (4th Cir. 1949) (stating it is highly desirable that § 2255 motions "be passed on by the judge who is familiar with the facts and circumstances surrounding the trial, and is consequently not likely to be misled by false allegations as to what occurred.").

**B. Section 2255 Hearing Requirement**

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Ineffective assistance of counsel claims, however, should generally be raised in a collateral motion instead of on direct appeal. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999).

## C. Ineffective Assistance of Counsel

As a general matter, a petitioner must satisfy two factors to establish ineffective assistance of counsel: "(1) that [counsel]'s performance fell below an objective standard of reasonableness, and (2) that [petitioner] was prejudiced by the deficiency because it created a reasonable probability that but for counsel's errors, the result of the proceeding would have been different." *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994) (citing *Smith v. Smith*, 931 F.2d 242, 244 (4th Cir. 1991)); *see also Strickland v. Washington*, 466 U.S. 668, 693 (1984). "A reasonable probability is one that is sufficient to undermine confidence in the outcome." *Hoyle*, 33 F.3d at 418.

Whether before, during, or after trial, when the Sixth Amendment applies, the formulation of the standard is the same: reasonable competence in representing the accused. *Strickland*, 466 U.S. at 688-89. In applying and defining this standard, substantial deference must be accorded to counsel's judgment. *Id.* at 689. If petitioner makes an insufficient showing on one prong, there is no reason for a court deciding an ineffective assistance claim to address both components of the inquiry. *Id.* at 697. The Court is not required to begin with an analysis of the first prong of *Strickland* because "a court need not approach the inquiry in the same order," and "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*

To demonstrate deficient representation, petitioner must show "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Petitioner must overcome a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance under the circumstances. *Id.* at 689. Also, petitioner bears the burden of proving prejudice. *Fields v. Attorney General of the State of Maryland*, 956 F.2d

4

1290, 1297 (4th Cir. 1992). To demonstrate prejudice, petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.*

### III. DISCUSSION

Petitioner claims that he was denied his Sixth Amendment right to effective assistance of counsel because (1) Counsel made various errors throughout the case, especially during the guilty plea and sentencing phases; (2) Counsel had a conflict of interest that adversely impacted Counsel's performance; and (3) Counsel failed to appeal at Petitioner's request.

**A. Ineffective Assistance of Counsel during the Guilty Plea and Sentencing Phases**

Petitioner claims ineffective assistance of counsel because of Counsel's errors during the course of the case, especially during the guilty plea and sentencing phases.

As a general matter, a petitioner must satisfy two factors to establish ineffective assistance of counsel: "(1) that [counsel]'s performance fell below an objective standard of reasonableness, and (2) that [petitioner] was prejudiced by the deficiency because it created a reasonable probability that but for counsel's errors, the result of the proceeding would have been different." *Hoyle*, 33 F.3d at 418 (citing *Smith*, 931 F.2d at 244). "A reasonable probability is one that is sufficient to undermine confidence in the outcome." *Id.*

A defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). When evaluating a post-guilty plea claim of ineffective assistance, statements previously made, under oath, affirming satisfaction with counsel are binding on the defendant absent "clear and convincing evidence to the contrary." *Fields*, 956 F.2d at 1299 (citing *Blackledge*, 431 U.S. at

5

74-75 (1977)) (stating that entering a plea provides evidence that a plea was entered into voluntarily and intelligently).

Petitioner argues that Counsel was ineffective during the guilty plea hearing. Petitioner contends that had Counsel properly advised Petitioner of the facts and the law relevant to his decision to plead guilty, he would have pled not guilty and proceeded to trial. ECF No. 34 at 16. Petitioner also alleges Counsel was ineffective for his failure to move to suppress evidence, failure to move to dismiss the Indictment when it "showed errors," *id.*, and failure to file a motion to determine Petitioner's mental competency. Additionally, Petitioner argues that Counsel was ineffective, at the sentencing phase, for his failure to object to his career offender status and drug weights attributed to Petitioner.

Respondent argues that Counsel was effective during the guilty plea and sentencing phases. Respondent notes that Counsel met with Petitioner to discuss the Indictment and the elements of the charge. ECF No. 45-1. Counsel states that Petitioner admitted to police that he was guilty of committing the crimes, made a full confession, and advised counsel that he wanted to plead guilty to the crimes. *Id.* Counsel also explained to Petitioner his right to appeal and the appellate wavier contained in the agreement; however, Petitioner rejected the agreement because he said he was guilty and already confessed to police. *Id.* Additionally, Counsel objected to the drug weights and successfully argued the objection. *Id.* Respondent contends that Counsel did not have to argue on Petitioner's behalf concerning a career offender status because Petitioner was not considered a career offender.

The Court finds that Petitioner cannot satisfy the first prong of the *Strickland* standard because Petitioner did not show that Counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. The Court concludes that Counsel's representation

during the guilty plea hearing was not deficient. Magistrate Judge Douglas Miller held Petitioner's guilty plea hearing on October 6, 2015. Guilty Plea Hr'g Tr. at 1. The Magistrate Judge confirmed, during the plea colloquy, that Petitioner voluntarily and freely entered into the plea agreement and waived his trial rights. *Id.* at 11-13, 19. Additionally, the record from sentencing clearly shows that Petitioner stated that he was satisfied with the advice and counsel he received when asked by the Court. Sentencing Tr. at 1. Petitioner also states on the record that he "had adequate opportunity to speak to Mr. Sartwell to prepare for the hearing this afternoon." *Id.* The record also shows that Counsel's representation did not fall below an objective standard of reasonableness because Counsel objected to the drug weights in the case during the sentencing phase and was successful in persuading the Court to adjust the drug weights attributed to Petitioner. *Id.* at 2, 9-10. The Court lowered the base offense level in this case from a Base Offense level of 38 to 36 because of Counsel's objection to the drug weights and argument on the record. *Id.* at 9-10. The Court also finds that there is no need to address the second prong of *Strickland* because Petitioner failed to meet the standards set forth in the first prong.

Thus, Petitioner does not have a claim for ineffective assistance of counsel based on Counsel's performance at the guilty plea and sentencing phases.

**B. Ineffective Assistance of Counsel Based Upon Conflict of Interest**

Petitioner claims ineffective assistance of counsel because Petitioner alleges that Counsel had a conflict of interest that adversely impacted Counsel's performance throughout the case.

When a petitioner claims ineffective assistance of counsel based upon a conflict of interest, a "petitioner must show (1) that his lawyer was under an actual conflict of interest and (2) that this conflict adversely affected his lawyer's performance." *United States v. Nicholson*,

475 F.3d 241, 249 (4th Cir. 2007) (citing *Cuyler v. Sullivan*, 446 U.S. 335, 349-50 (1980)). "If the petitioner can show an actual conflict, and that it adversely affected his lawyer's performance, prejudice is presumed and there is no need to demonstrate a reasonable probability that, but for the lawyer's conflict of interest, the trial or sentencing outcome would have been different." *Id.* "An adverse effect is not presumed from the existence of an actual conflict of interest." *Id.*

Petitioner argues that Counsel was ineffective because of a conflict of interest that adversely affected his performance during the pretrial, plea, and sentencing phases. ECF No. 34 at 18.

Respondent argues that Counsel was effective because Counsel did not have a conflict of interest. Respondent notes that Petitioner does not provide any evidence to support his contention that Counsel's performance was deficient due to a conflict of interest. Additionally, Counsel remains unaware of any conflicts of interests that Petitioner alleges negatively affected Petitioners criminal matter and Counsel's performance. ECF No. 45-1 at 2.

The Court finds that Petitioner failed to establish ineffective assistance of counsel based on Counsel's alleged conflict of interest. The Court also finds that Counsel did not have a conflict of interest because the record shows that Petitioner, while under oath at the sentencing hearing, did not mention Counsel's alleged conflict of interest nor spoke negatively about the performance of Counsel. Sentencing Tr. at 1, 15-16. Specifically, Petitioner even took the time to "thank [his] lawyer for everything he's done for me." *Id.* at 15-16. Even Counsel did not identify the conflict of interest he claims he had. The Court need not address the second prong of this test because Petitioner fails to meet the standards set forth in the first prong of the test.

Thus, Petitioner does not have a claim of ineffective assistance of counsel based on Counsel's alleged conflict of interest.

## C. Ineffective Assistance of Counsel Based on Counsel's Failure to Appeal

Petitioner claims ineffective assistance of counsel because Counsel failed to appeal at Petitioner's request.

When an attorney fails to appeal a client's conviction, when requested by his client to do so, the attorney's failure to appeal is per se ineffective assistance of counsel. *See, e.g., Evitts v. Lucey*, 469 U.S. 387 (1985); *Frazer v. South Carolina*, 430 F.3d 696 (4th Cir. 2005); *United States v. Peak*, 999 F.2d 39 (4th Cir. 1993).

Petitioner argues that Counsel was ineffective because Counsel "fail[ed] to advise [Petitioner] 'of any form of appeal.'" ECF No. 34 at 5. In opposition to Petitioner's argument, Respondent argues that Counsel was effective because Petitioner did not instruct Counsel to file an appeal. Respondent contends that Petitioner does not provide any support that Counsel failed to file an appeal after Petitioner instructed Counsel to do so. Counsel states that Petitioner did not in fact instruct Counsel to file an appeal. ECF No. 45-1 at 2. Additionally, Counsel contends that he informed Petitioner, after sentencing, of his right to appeal. *Id.*

The Court finds that Petitioner failed to establish ineffective assistance of counsel based on Counsel's failure to appeal. On March 19, 2018, the Court held a hearing on this matter based on the narrow issue of whether Petitioner instructed Counsel to appeal and Counsel failed to do so. ECF No. 49. During the hearing, Petitioner testified, under oath, that he did not in fact instruct Counsel to appeal. Evidentiary Hr'g Tr. at 8. Counsel also states in his affidavit, under oath, that Petitioner did not request that Counsel file an appeal on Petitioner's behalf. ECF No. 45-1 at 2.

Thus, Petitioner does not have a claim of ineffective assistance of counsel based on Counsel's failure to appeal.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that it is clear from the pleadings, records, and filings that Petitioner is not entitled to relief. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255, is **DENIED**.

Pursuant to Federal Rule of Appellate Procedure 22(b)(1), this Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner has not set forth a specific issue that demonstrates a substantial showing of a denial of a constitutional right. Because Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, a Certificate of Appealability is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
April 6, 2018

/s/
Raymond A. Jackson
**United States District Judge**