IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
AUG 29 2023
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**ANDRES FONSECA PALOMIN, JR.,**

                Petitioner,

v.                                                              Criminal No. 2:15-CR-089

**UNITED STATES OF AMERICA,**

                Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Andres Fonseca Palomin's ("Petitioner") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Pet'r's Mot. Compassion. Release, ECF No. 64 ("Pet'r's Mot."). The Government opposed the motion. Gov't Resp. Opp. to Pet'r's Mot. Compassion. Release, ECF No. 72 ("Resp. Opp."). Petitioner replied. Pet'r's Reply to Gov't Resp. Opp. to Pet'r's Mot. Compassion. Release, ECF No. 77 ("Pet'r's Reply"). This matter is now ripe for judicial determination. For the reasons below, Petitioner's motion is **DENIED.**

**I.    FACTUAL AND PROCEDURAL HISTORY**

On July 23, 2015, a Grand Jury in the Eastern District of Virginia indicted Petitioner on one count of possession with the intent to distribute 50 grams or more of methamphetamine, commonly known as "ice," a Schedule II controlled substance. Indictment, ECF No. 1. On July 18, 2017, Petitioner pled guilty to Count One, Possession with the Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Plea Hear'g, ECF No. 15. On February 9, 2016, the Court sentenced Petitioner to a total sentence of 216 months imprisonment followed by five years of supervised release. J., ECF No. 29. On January 19, 2023,

Petitioner filed his pro se motion for compassionate relief. ECF No. 59. Petitioner filed motion through counsel on March 31, 2023. Pet'r's Mot. On May 12, 2023, the Government filed its response in opposition. Resp. Opp. On May 26, 2023, the Petitioner filed his reply to the Government's response. Pet'r's Reply.

According to his Presentence Investigation Report ("PSR"), Petitioner transported 2 kilograms of "ice" and 7 kilograms of methamphetamine via Amtrack from San Antonio, Texas to Virginia Beach, Virginia to sale. Present. Investig. Rep. ¶¶ 5-8, ECF No. 61 ("PSR"). During Petitioner's transit, Petitioner distributed 1 kilogram of methamphetamine each in Chicago, Cleveland, and Grand Rapids. *Id.* Petitioner reported no physical or mental health issues. *Id.* ¶¶ 46-47. Additionally, Petitioner admitted having substance abuse issues such as frequent alcohol consumption and illegal drug use. *Id.* ¶¶ 48-50. The PSR assessed Petitioner with a total offense level of 33, a criminal history category of IV, and a recommended guidelines sentence of 188-235 months on Count One. *Id.* ¶¶ 61-62. Petitioner is incarcerated at Beaumont Low FCI with a projected release date of September 30, 2029.[1]

On February 23, 2023, Petitioner submitted a Request for Compassionate Release to the Warden. Pet'r's Mot. at Exh. 1. On February 28, 2023, the Warden denied Petitioner's request. *Id.* On March 2, 2023, Petitioner submitted a second Request for Compassionate Release to the Warden. *Id.* On March 8, 2023, the Warden denied Petitioner's second request. *Id.*

## II. LEGAL STANDARD

### A. The Threshold Requirement Standard

A petitioner may bring a motion to modify their sentence after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

---

[1] *See also* Federal Bureau of Prisons, "Find An Inmate," *BOP.gov*, https://www.bop.gov/inmateloc/ (last visited Aug. 23, 2023) (listing Petitioner's release date as Sept. 30, 2029).

[petitioner]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [petitioner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release has two options after requesting that the Bureau of Prisons ("BOP") bring a motion on their behalf: (1) exhaust their administrative remedies; or (2) wait 30 days from the date of their initial request to the BOP. *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) ("§ 3582(c)(1)(A) outlines two routes – one of which does not require exhaustion of administrative remedies."). In other words, a petitioner may satisfy the threshold requirement if they "request[] the Bureau of Prisons to bring a motion on their behalf and *either* fully exhaust[] all administrative rights to appeal the Bureau's decision *or* wait[] 30 days from the date of their initial request to file a motion in the district court." *Id.* (emphasis in original). Thus, a petitioner who made a request to the BOP at least 30 days prior may seek compassionate release with the district court whether the BOP has ruled on the request or not. *Id.* (holding petitioner satisfied the threshold requirement by filing his compassionate release motion 149 days after submitting a request to the warden, which the warden denied) (citing *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021); *United States v. Harris*, 973 F.3d 170, 171 (3rd Cir. 2020); and *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020)). Moreover, the threshold requirement is a non-jurisdictional claim-processing rule, and thus may be waived or forfeited if not timely raised. *Id.* at 129-30 (collecting cases from sister circuits holding the same).

### B. The Compassionate Release Standard

As amended by the FIRST STEP Act, a court may modify a term of imprisonment by motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing

Commission ("Sentencing Commission") in U.S.S.G. § 1B1.13, Application Note 1. Before the FIRST STEP Act was passed, the Sentencing Commission provided that a sentence may be modified because of the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. § 1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the BOP before an individual could petition the district court for relief. *Id.*

U.S.S.G. § 1B1.13 is now outdated, however, following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the BOP. As such, U.S.S.G. § 1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020); *see also United States v. Lisi*, 440 F. Supp. 3d 246, 250 (S.D.N.Y. 2020), *reconsideration denied*, No. 15 CR. 457 (KPF), 2020 WL 1331955 (S.D.N.Y. Mar. 23, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release . . . [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts . . . ."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive."). A petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). In sum, the Court may consider a combination of factors, including but not limited to those listed in U.S.S.G. § 1B1.13, in evaluating

a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

### III. DISCUSSION

#### A. The Threshold Requirement

The Court finds that Petitioner satisfied the threshold requirement. The Government does not contest such. *See* Resp. Opp. On February 23, 2023, Petitioner submitted a Request for Compassionate Release to the Warden. Pet'r's Mot. at Exh. 1. On February 28, 2023, the Warden denied Petitioner's request. *Id.* On March 2, 2023, Petitioner submitted a second Request for Compassionate Release to the Warden. *Id.* On March 8, 2023, the Warden denied Petitioner's second request. *Id.* Accordingly, on March 31, 2023, Petitioner filed the motion through counsel. Pet'r's Mot. Thus, more than 30 days passed since Petitioner filed his request.

#### B. Petitioner's Compassionate Release Request

The Court now turns to whether Petitioner has set forth extraordinary and compelling reasons to modify his sentence. Petitioner argues the conditions of confinement at his BOP facility warrant compassionate release given the lingering effects of COVID-19 and its impact on Petitioner's health. Pet'r's Mot. at 1-2. Petitioner further argues his familial circumstances warrant compassionate release. *Id.* Lastly, Petitioner argues the sentencing factors under 18 U.S.C. § 3553(a) support compassionate release. *Id.* Together, Petitioner alleges these circumstances, including his rehabilitative efforts, constitute extraordinary and compelling reasons for his release. *Id.* Therefore, Petitioner asks the Court to resentence him to time served and five years of supervised release. *Id.* at 16.

First, Petitioner does not show a potential susceptibility to serious health risks from COVID-19. Petitioner, age 48, asserts he suffers from obesity and high blood pressure which makes him more likely to suffer severe illness from COVID-19. Pet'r's Mot. at 2. However,

Petitioner's medical records indicate that he receives regular treatment for his blood pressure and routine COVID-19 testing. ECF. No. 67. In addition, Petitioner has not shown that the BOP cannot manage his medical needs. Resp. Opp. at. 9. Moreover, it appears Petitioner is fully vaccinated with both Pfizer and Moderna vaccines, which mitigates the risk of contracting COVID-19. Pet'r's Mot. at 2. Even though the Petitioner contracted COVID-19 in January 2022, it does not support particular susceptibility because of the availability of routine vaccines and testing at BOP facilities. Resp. Opp. at. 10. Thus, Petitioner has not established a particular susceptibility to COVID-19 that would constitute extraordinary and compelling circumstances.

Second, Petitioner does not show a potential risk of contracting the disease at Beaumont Low FCI, or that there would be less risk of contracting COVID-19 if released. As of August 23, 2023, zero inmates and staff members at Beaumont Low FCI are positive for COVID-19.[2] *See United States v. Woolridge*, No. 3:09cr156 (DJN), 2021 WL 415131, at *5 (E.D. Va. Feb. 5, 2021) (finding no particularized risk where there were only eight active cases of COVID-19 at the petitioner's facility); *see also United States v. Wilkins*, No. 7:17-cr-407-JMC-1, 2021 WL 194311, at *3 (D.S.C. Jan. 20, 2021) (finding no particularized risk where there were only ten active cases at the petitioner's facility). The low number of positive COVID-19 cases at Petitioner's facility indicates a low risk of contracting the virus. Although Petitioner notes the lingering effects of coronavirus at his prison facility, as of August 23, 2023, the BOP reports 625 inmates and 64 staff have contracted and recovered from COVID-19.[3] The numbers show that the COVID-19 cases at the facility are improving.

On the other hand, Petitioner proposes living with his family in Pharr, Texas, a city located

---

[2] *COVID-19 Cases*, FED. BUR. PRISONS (last visited Aug. 23, 2023), https://www.bop.gov/coronavirus/covid19_statistics.html.
[3] *Id.*

6

in Hidalgo County, where he would be safer from contracting the virus. However, Hidalgo County has an average of 21 new COVID-19 cases a day.[4] According to Petitioner, the BOP facility operates at a normal level. Pet'r's Mot. at 6. Although the Court recognizes, and in no way minimizes the harsh realities incarcerated individuals have faced during the pandemic, Petitioner does not mention any potential harsher conditions of confinement that are unique to him for purposes of compassionate release. *See United States v. Ramirez*, 2021 WL 5233512, at *5 (S.D.N.Y. Nov. 10, 2021) ("If challenging the conditions of confinement caused by the pandemic warranted a sentence reduction here, essentially every inmate who has been in BOP custody at any time since March 2020 would be entitled to a sentence reduction."). Therefore, Petitioner is not entitled to compassionate release because he has not shown a possible risk of contracting COVID-19 at his BOP facility.

Third, the § 3553(a) factors do not weigh in favor of Petitioner's compassionate release. The seriousness of Petitioner's conduct for his possession with intent to distribute a controlled substance remains unchanged. In addition, Petitioner committed the instant offense almost a year after serving prison time for possession of a controlled substance. PSR ¶ 36. This trend cuts against Petitioner's argument that he is considered a "low" recidivism risk by the BOP. Pet'r's Mot. at 16. Although the Court recognizes and commends the Petitioner for his participation in various educational, vocational, and rehabilitative courses, as well as earning his General Equivalency Diploma, these efforts are not extraordinary and compelling to earn a sentence reduction. Pet'r's Mot. Ex. 2. As noted by sister courts, a "defendant's rehabilitation alone proves insufficient to warrant a sentence reduction." *See United States v. Woolridge*, No. 3:09CR156 (DJN), 2021 WL 415131, at *7 (E.D. Va. Feb. 5, 2021); *see also United States v. Ahmad*, No. 1:11-cr-554-TSE,

---

[4] *Tracking Coronavirus in Hidalgo, TX.: Latest Map and Case Count*, N.Y. TIMES (last visited Aug. 24, 2023), https://www.nytimes.com/interactive/2021/us/texas-covid-cases.html.

ECF No. 75 (E.D. Va. Apr. 8, 2021) (finding that the defendant's coursework did not support compassionate release, reasoning that "[i]t is not uncommon for a defendant to take educational classes to pass the time in prison").

Additionally, Petitioner's release plan does not adequately protect the public from the potential of a subsequent offense. If released, Petitioner plans to live with his wife and family in Pharr, Texas. Pet'r's Mot. at 16. Petitioner also notes he would pursue employment in plumbing with his son-in-law and spend time supporting his family, especially his aging mother. *Id.* Although the guidelines are not binding, the Sentencing Commission provides that extraordinary and compelling reasons exist under family circumstances when involving a minor, spouse, or partner. *See* U.S.S.G. § 1B1.13 n. 1 (C); *see also United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020). Here, Petitioner argues the need to return home to help his mother with her daily activities. Pet'r's Mot. at 14. However, Petitioner has not referenced being the only caregiver for his mother. Petitioner has a wife and children who can provide care to his mother.

Furthermore, Petitioner does not explain or elaborate on how his release plan would provide a viable alternative to serving the remainder of his sentence. Despite commendable evidence of Petitioner's rehabilitation, the Court finds that the § 3553(a) factors do not weigh in Petitioner's favor and his release would not promote the respect for law or provide adequate deterrence. Critically, Petitioner also did not show extraordinary or compelling reasons for release as a result of COVID-19. Therefore, Petitioner does not qualify for compassionate release.

## IV. CONCLUSION

For the foregoing reasons, Petitioner has not shown an extraordinary and compelling reason to grant compassionate release. Thus, Petitioner's Motion for Compassionate Release, ECF No. 64, is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 29, 2023

Raymond A. Jackson
United States District Judge